## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANITA CROAN,                                    )
                                                )
              Plaintiff,                        )
                                                )
vs.                                             )       Case No:  08-CV-2587 CM/KGS
                                                )
LANDMARK BANCORP, INC., d/b/a                   )
LANDMARK NATIONAL BANK,                         )
                                                )
              Defendant.                        )

### COMPLAINT

**COMES NOW** the plaintiff, Anita Croan, and for her Complaint against the

defendant, Landmark Bancorp, Inc., d/b/a Landmark National Bank, states as follows:

### I.  JURISDICTION

1.     Plaintiff, Anita Croan, is a citizen and resident of the State of Kansas who

resides at 405 E. Shawnee Street, Paola, Kansas 66071.

2.     Defendant, Landmark Bancorp, Inc., d/b/a Landmark National Bank, is a

corporation organized under the laws of the State of Delaware which conducts business

in Miami County, Kansas, and throughout the State of Kansas, and is a foreign for profit

corporation in the State of Kansas which may be served with legal process through its

Registered Agent, Mark A. Herpich at 701 Poyntz Avenue, Manhattan, Kansas 66502.

3.     This Court has subject matter jurisdiction over this case pursuant to the

Civil Rights Act of 1964 as amended in 1991, 29 U.S.C. § 621, *et seq.*, and/or 42 U.S.C.

§ 2000e-5(f), and plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §

1331.

wsabeop0 100925114 v.1

4.      A right-to-sue letter was issued to plaintiff by the Equal Employment Opportunity Commission on September 3, 2008, and received by plaintiff on September 5, 2008.  Plaintiff has exhausted all of her administrative remedies prior to filing this lawsuit.  (See Exhibit #1 attached hereto).

5.      Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. § 1981a.

6.      Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and the Federal Rules of Civil Procedure 54 and are requested by plaintiff.

## II. VENUE

7.      This action properly lies in the Untied States Federal Court for the District of Kansas pursuant to 29 U.S.C. § 1391(b), because the claims arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were committed in this judicial district.

## III. PARTIES

8.      Plaintiff is a 47 year old white female and is a lawful citizen of the United States of America.

9.      Defendant is an employer engaged in an industry affecting commerce, and employs more than fifteen (15) regular employees.  Defendant was doing business in this judicial district at all times relevant herein.  Defendant is an employer within the meaning of 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981a, *et seq.*

## IV.  FACTS COMMON TO ALL COUNTS

10.     Plaintiff was employed by First Kansas Federal Savings, defendant's predecessor in interest, as a teller from July 23, 1984, until defendant acquired First

Kansas Federal Savings, and thereafter was employed by defendant as a teller at the same location (defendant's Paola, Kansas Branch) until January 11, 2008.

11.    On January 11, 2008, defendant's Vice-President/Manager of the Paola Branch, Raymond McLanahan, terminated plaintiff for the stated reason that plaintiff violated defendant's Bank Protection Act Security Policy by having a key to the vault and the combination at the same time.

12.    Defendant's stated reason for terminating plaintiff was pretextual in that plaintiff did not actually violate defendant's Bank Protection Act Security Policy but defendant used that as an excuse to terminate plaintiff because she had the most seniority at the Paola branch and because of her age and experience, was the highest compensated teller at the Paola Branch at the time of her termination.

13.    Plaintiff's age was a substantial factor in defendant's decision to terminate her because at the time of her termination, plaintiff was qualified for the position she held with defendant and was performing at a level which met or exceeded defendant's expectations.

14.    Defendant has replaced plaintiff with a younger and less-experienced individual.

15.    Defendant, through the actions of its management level employees, and other employees, committed age discrimination against plaintiff which has caused her non-economic and economic damages since plaintiff is now employed at a substantially reduced rate of compensation.

16.    Defendant took no corrective action against its employees for engaging in any discriminatory behavior.

wsabeop0 100925114 v.1

17.     Defendant did not counsel its employees or managers about age discrimination and failed to protect plaintiff from and prevent age discrimination.

## COUNT I – AGE DISCRIMINATION

18.     Plaintiff hereby incorporates paragraphs 1 through 17 as though fully set forth herein.

19.     Defendant intentionally and willfully discriminated against plaintiff in the terms and conditions of her employment and engaged in a matter and practice of discrimination based on her age in violation of the Age Discrimination in Employment Act ("ADEA").

20.     Plaintiff was over 40 years old at the time of her termination and her age was a substantial motivating factor in defendant's decision to terminate her.

21.     Defendant has engaged in a pattern and practice of discrimination based upon age in that defendant has consistently passed over, targeted for discharge, demotion or layoff, employees who are over the age of 40.

22.     As a direct and proximate result of the unlawful and discriminatory conduct of defendant, as set forth herein, plaintiff has suffered extreme mental anguish, embarrassment, grief and emotional distress.

23.     As a direct and proximate result of the unlawful conduct of defendant, as set forth herein, plaintiff has suffered damages which include the loss of wages and benefits, plus interest at the highest legal rate.  In addition to the payment of lost wages and benefits, plaintiff is entitled to an additional equal amount as liquidated damages and other appropriate equitable relief.

24.     Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees and attorney's fees incurred in the prosecution of this matter.

wsabeop0 100925114 v.1

**WHEREFORE**, plaintiff prays that this Court declare the conduct engaged in by defendant to be in violation of plaintiff's rights; enjoin defendant from engaging in such conduct; award plaintiff her lost wages, both past and future, damages for plaintiff's emotional distress and mental anguish, punitive damages, costs, interest at the highest legal rate, attorneys' fees; and such other relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues which are triable by a jury in this Complaint.

## PLACE OF JURY TRIAL

Plaintiff demands that the trial of this matter be held in Kansas City, Kansas.

WALLACE, SAUNDERS, AUSTIN, BROWN AND ENOCHS, CHARTERED

By /s/ Kevin D. Weakley
  Kevin D. Weakley, KS #16558
  Marty T. Jackson,  KS #14188
  kweakley@wsabe.com
  mjackson@wsabe.com
  10111 West 87th Street
  P.O. Box 12290
  Overland Park, KS 66282
  913-888-1000
  913-888-1065 - FAX

ATTORNEYS FOR PLAINTIFF
ANITA CROAN

5

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   Anita M. Croan
    405 E. Shawnee
    Paola, KS 66071

From:   Kansas City Area Office
       Gateway Tower II
       400 State Avenue
       Kansas City, KS 66101

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2008-01645 | Teresa K. Wilke, Investigator | (913) 551-6645 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Billie I. Ashton,
Director

09/03/08 *(Date Mailed)*

Enclosures(s)

cc:   LANDMARK NATIONAL BANK
    1310 Baptiste Dr
    Paola, KS 66071

EXHIBIT #1