**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANITA CROAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 08-2587-CM-KGS** |
| **LANDMARK BANCORP, INC., d/b/a** ) | |
| **LANDMARK NATIONAL BANK,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Anita Croan brings this civil rights action against defendant Landmark Bancorp,

Inc., d/b/a Landmark National Bank, alleging discrimination in violation of the Age Discrimination

in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. The case is before the court on Defendant's

Motion for Summary Judgment (Doc. 38). For the following reasons, the court grants the motion.

**I.    Factual Background**[1]

The parties have stipulated to the following facts:

Defendant Landmark Bancorp, Inc. owns and operates Landmark National Bank, including

its branch located in Paola, Kansas. Plaintiff was hired by defendant's predecessor in 1984 as a

teller and remained in that position until her termination on January 11, 2008.

During the course of plaintiff's employment with defendant, defendant had in place a joint

---

[1]   The court construes the facts in the light most favorable to the non-moving party pursuant
to Fed. R. Civ. P. 56. The court has reviewed and combined the facts proposed by both parties,
(including those contained in defendants's memorandum (Doc. 39), plaintiff's brief in opposition
(Doc. 42), and defendant's reply (Doc. 43)), and has included only those facts that are relevant,
material, and properly supported by the record.

custody policy, whereby no employee was allowed to possess both a key and a combination to a

vault unless authorized to do so. One of the purposes of defendant's joint custody policy is to

safeguard the bank's assets. As part of the joint custody policy, every employee of defendant with

access to the cash vault, was placed by a member of management on either the "key" team or the

"combination" team.

At some point during the course of plaintiff's employment with defendant, plaintiff was

placed on the "key" team, which meant that she was assigned a key to the main cash vault at

defendant's Paola branch. Plaintiff never signed and is not aware of any document that

demonstrates that she was ever assigned to the "combination" team for the main cash vault.

Since at least June 2006, plaintiff had possession of both a key and knowledge of the

combination to the main cash vault at defendant's Paola branch.

Since September 2007, Raymond McLanahan has been the branch manager for defendant's

Paola branch. On January 8, 2008, in the presence of Bank Security Officer Karen Kilborne, Mr.

McLanahan, and others, plaintiff utilized both a key and a combination to access the main cash vault

at defendant's Paola branch. Mr. McLanahan witnessed plaintiff open the main cash vault using her

knowledge of the combination.

After witnessing plaintiff open the main cash vault using a combination, but prior to

plaintiff's termination, Mr. McLanahan reviewed defendant's combination logs. Defendant's

combination logs did not show that plaintiff was ever assigned to the "combination" team for access

to the main cash vault at defendant's Paola branch.

Ms. Kilbourn, as the branch security officer for the Paola branch, was one of the persons

responsible for authorizing access to the cash vault and was the person responsible for maintaining

the key and combination logs at the Paola branch. After witnessing plaintiff open the main cash vault using a combination, but prior to plaintiff's termination, Mr. McLanahan asked Ms. Kilbourn if the combination to the main cash vault had been assigned to plaintiff, to which Ms. Kilbourn replied, that it had not. However, it is undisputed that Ms. Kilbourn was aware that plaintiff in fact possessed both the key and combination.

After witnessing plaintiff open the main cash vault using a combination, but prior to plaintiff's termination, Mr. McLanahan communicated with Marcia Kemper regarding plaintiff's possession of both a key and a combination to the main cash vault. As defendant's only Director of Human Resources, Ms. Kemper had access to plaintiff's employment file and knew that she was over forty years of age. Ms. Kemper had no independent knowledge of the facts surrounding plaintiff's purported possession of a key and combination to the main cash vault beyond what Mr. McLanahan had communicated to her.

On January 11, 2008, plaintiff was called into Mr. McLanahan's office. On that day, with Mr. McLanahan and Ms. Kemper present, Mr. McLanahan informed plaintiff that she was being terminated due to the incident on January 8, 2008, when Mr. McLanahan witnessed the plaintiff enter the vault using a combination.

During this January 11 meeting, plaintiff was presented with a document which stated, "Your position has been terminated as a result of your conduct. . . . Your knowledge of the combination, while having a key to the same dial, is a blatant violation of bank policy and procedures." Plaintiff refused to sign this document.

From January 2007 until January 2008, Nanci Rowlett was the head teller at defendant's Paola branch, and plaintiff's immediate supervisor. Ms. Rowlett, who was under the age of forty, was terminated on January 22, 2008, due to her knowledge that plaintiff possessed both a key and

the combination to the bank's vault. It is also undisputed that Ms. Kilbourn resigned from her position as Bank Security Officer shortly thereafter.

Prior to her termination, plaintiff was the highest compensated teller at defendant's Paola branch. Every teller hired at the Paola branch since January 11, 2008, has been younger than plaintiff and is paid a salary less than what plaintiff was earning at the time of her termination. Plaintiff is presently employed as a teller at Great Southern Bank f/k/a Team Bank in Paola, Kansas, earning less than what she was earning at the time of her termination as a teller for defendant.

Plaintiff contends that her termination was a willful violation of her rights under the ADEA because age was the motivating factor for defendant's decision to terminate her. Plaintiff claims that defendant's stated reason for her termination is not the true reason why she was terminated, and in fact, is contrary to defendant's own written policies and actual banking practices at its Paola branch. She seeks economic, liquidated, and non-economic damages.

Defendant contends that, after witnessing plaintiff enter the main cash vault using both a key and a combination, plaintiff was terminated for violating defendant's joint custody policy by being in possession of both a key and a combination to the main cash vault without authorization. Defendant argues that summary judgment is appropriate because the evidence does not establish an actionable claim of age discrimination.

## II.    Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

## III.     Discussion

The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, makes it unlawful for

an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against

any individual . . . because of such individual's age."  29 U.S.C. § 631(a)(1).  The Supreme Court

has held that, to establish a claim under the ADEA, "[a] plaintiff must prove by a preponderance of

the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the

challenged employer decision."  *Gross v. FBL Fin. Servs., Inc.*, __ U.S. __, 129 S. Ct. 2343, 2351

(2009).  The burden of persuasion does not shift to the employer to show that it would have taken

the action regardless of age, even when a plaintiff has produced some evidence that age was one

motivating factor in that decision.  *Id.*

Nevertheless, the Tenth Circuit has continued to hold that where, as here, evidence of

discrimination is circumstantial, the burden-shifting framework of *McDonnell Douglas Corp. v.

Green*, 411 U.S. 792, 802–05 (1973), applies to the parties' burden of production at the summary

judgment stage.  *See Reeder v. Wasatch County Sch. Dist.*, No. 08-4048, 2009 WL 5031335, at *3

(10th Cir. Dec. 23, 2009); *Woods v. The Boeing Co.*, No. 07-3358, 2009 WL 4609678, at *5 (10th

Cir. Dec. 8, 2009) (Anderson, J., concurring in part); *see also Ferruggia v. Sharp Elecs. Corp.*, No.

Civ. A. 05-5992-JLL, 2009 WL 2634925 at *2–4 (D.N.J. Aug. 25, 2009).

For purposes of defendant's summary judgment motion, the parties stipulate that plaintiff has

met the initial burden of production to establish a *prima facie* case of age discrimination, and that

defendant has articulated a facially non-discriminatory reason for plaintiff's termination from

employment.  Therefore, the remaining burden is on plaintiff to present evidence from which an

inference can be drawn that the proffered reason is pretextual.  (Doc. 36, at 9; Doc. 39, at 7; Doc. 42,

at 6–7.)

"Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotation marks omitted). As with the *prima facie* case, there is no one specific mode of evidence required to establish the discriminatory inference. *Trujillo v. PacifiCorp*, 524 F.3d 1149, 1158 (10th Cir. 2008) (citing *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1198–99 (10th Cir. 2000)). Rather, pretext can be shown in a variety of ways, including but not limited to differential treatment of similarly situated employees and procedural irregularities. The former is "especially relevant" where the defendant has proffered a legitimate non-discriminatory reason for the adverse employment action. *Id.* (quoting *Horizon*, 220 F.3d at 1195 n.6).

In support of her claim that defendant's proffered reason for terminating her is pretextual, plaintiff asserts the following:

- Plaintiff was fired and replaced by a younger individual.

- Plaintiff had possessed both the key and combination for one and one-half years before her termination.

- At least two of plaintiff's supervisors—Ms. Kilbourn, the Bank Security Officer, and Ms. Rowlett, the head teller—were aware that plaintiff possessed both the key and combination and had seen her access the bank vault by herself prior to January 8, 2008, but no discipline or other action was taken against plaintiff.

- Defendant failed to produce any written policy expressly stating that violation of the

dual control policy is grounds for immediate termination.

- Nothing in defendant's written Bank Protection Act Security Policy of Bank Teller Standards Acknowledgment prohibits possession of a key and combination to the safe, nor does it expressly state that possession of a key and combination to the safe or sole access of a safe by one individual violates this policy and/or is grounds for immediate termination.

- Defendant failed to warn plaintiff or employ progressive discipline.

In support, she offers her own deposition, which was also offered by defendant in support of its motion. She offers portions of the deposition of Ms. Kilbourn—also offered by defendant—in which Ms. Kilbourn testified that she had not authorized plaintiff to have a combination, and told plaintiff "'You don't have combos, you're not to use combos, and if you know them or have them, you need to get rid of them.' And [plaintiff's] reply was, 'I understand that policy.'" (Doc. 42, at 22.) She offers portions of Ms. Rowlett's deposition, also offered by defendant; and she offers copies of defendant's Bank Protection Act Security Policy and Teller Standards Acknowledgment.

Even viewed in the light most favorable to plaintiff, the evidence is insufficient to create a genuine issue as to any material fact. Plaintiff's first contention forms the basis of her *prima facie* case, which is counterbalanced by defendant's legitimate, nondiscriminatory explanation for its action.

The fact that plaintiff had possessed both the combination and the key with the knowledge of two supervisors for some time before her termination does not create a weakness or inconsistency in defendant's proffered legitimate reason for her termination. In fact, this fact supports defendant's position when combined with the uncontested facts that, shortly after plaintiff's termination, (1) Ms. Rowlett, who was under the age of forty, was terminated due to her knowledge that plaintiff

possessed both a key and the combination to the bank's vault; and (2) Ms. Kilbourn resigned from

her position as Bank Security Officer because she was aware that plaintiff knew the combinations

and felt she had done wrong by failing to report what she knew.

Plaintiff asserts that defendant's failure to produce any written policy expressly stating that

violation of the dual control policy is grounds for immediate termination reveals pretext. While a

party may be able to carry its burden on summary judgment by pointing out a lack of evidence, that

is not the case here. *See Sports Unlimited Inc., v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir.

2002). Defendant's employment handbook states that bank employees are at-will employees who

can be terminated at any time for any reason, but that certain conduct will "normally lead to

termination," including "any act which causes, or may cause, damage to the assets, property or

reputation of the [b]ank." (Doc. 39-3, at 20–21.) The parties agree that the purpose of the dual or

joint custody policy is to safeguard the bank's assets, and despite the inability of either party to point

to an express written statement to the effect that sole custody is grounds for termination, any

inferences to be drawn from these facts cannot reasonably be drawn in plaintiff's favor.

Plaintiff notes that the only language on the Acknowledgment related to keys and

combinations is as follows: "Combinations/keys to currency supplies and negotiable items or

devices enabling access to currency and negotiable items must not be shared unless permitted by an

authorized individual(s)." Plaintiff suggests that the facts "clearly" show that a genuine question of

fact exists as to whether she was authorized to possess both the key and combination. The only

support she offers for this are her own self-serving statements, which are inconsistent with the facts

contained in the record.

To defeat defendant's claim on summary judgment, "the plaintiff's burden is only to

demonstrate a genuine dispute of material fact as to whether the proffered reasons were unworthy of

belief." *Morgan*, 108 F.3d at 1321.  A plaintiff can avoid summary judgment by showing that an evaluation used to justify an unfavorable employment action conflicts with other assessments of the employee's performance.  *See Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 563–64 (10th Cir. 1996); *Cole v. Ruidoso Munic. Sch.*, 43 F.3d 1373, 1380 (10th Cir. 1994).  Plaintiff offers none of these. Nor is plaintiff able to offer evidence of differential treatment of similarly situated employees and procedural irregularities.

Plaintiff's mere conjecture that her employer's explanation is pretext for age discrimination is an insufficient basis for denial of summary judgment.  *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988).  The court finds that the evidence, viewed in the light most favorable to plaintiff, is insufficient to demonstrate that any genuine issue of material fact exists as to whether defendant's reason for terminating her was pretextual.  Defendant is entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 38) is granted.

Dated this 13th day of January 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**